Mr. Justice ThacheR
delivered the opinion of the court.
This is an appeal from the probate court of Franklin county.
Ellen Mitchell, a minor heir of Eliza Mitchell, deceased, by her guardian, filed exceptions to the settlement of Jacob Price, administrator of the estate of Eliza Mitchell, claiming that the said Price had failed to account for the services of a certain slave, which he had enjoyed for the term of six years. It was agreed that the issue should be tried by the probate court. There was filed a plea that the petitioner was not the heir of the administrator’s intestate, but this ground of defence was subsequently waived by the administrator filing an answer to the merits of the petition. Another heir of the intestate, a brother of the petitioner, was also united in the petition. The answer of the administrator, 'in the main, sought to set-off the claim by a charge for disbursements and expenses for the board and maintenance of the heirs. Proofs were taken, and the court in its decree allowed the whole amount charged for the services of the slave, but allowed that sum to be credited with the sum of five hundred dollars, as so much disbursed by Price for the use of the children, and thus decreeing the sum of two hundred and fifty dollars against the administrator.
In the first place, it may be observed that this case was peculiarly one fitted for the consideration of a jury, and under *183 the statute (H. & H. 472, § 17, 18,) the complainant in the probate court could have insisted, that the issue should have been tried in the circuit court, but it was otherwise agreed that the probate court should determine the matter in controversy. The decision of the question of fact was, therefore, by the consent of parties, submitted to that tribunal.
Next, the defence of the administrator, in strict law, was insufficient, and, under any other circumstances, should have been rejected altogether. An account, charged by an administrator, for board and maintenance of infant distributees, does not pertain to an administration account. Green v. Green, 3 S. & M. 526 ; Jones v. Coon et al., 5 Ibid. 751; Washburn et al. v. Phillips, 5 Ibid. 600. The set-off also was a mixed account of charges alleged to have been warranted by expenditures, incurred for the heirs as well before as after this grant of letters of administration. But all these difficulties as to the legitimacy of the evidence, seem to have been, to some extent, obviated by an agreement in the record, that the probate court “ in making its decree, should take into consideration the hire of the slave, and also the support of the heirs for the same period of time, and strike the balance.” The cause presents much the appearance of an arbitrative submission, and even viewing it as a finding of a jury upon the evidence, the preponderance of evidence is not so great against the decree as to call for a reversal in this court. Indeed, by the terms of the submission, it would seem that Price was to be looked upon as a quasi guardian, without which his defence, in the nature of set-off, could not have been admissible. Therefore, considering the case altogether, 'we are inclined not to interfere in a result which has been brought about by the parties themselves.
Decree affirmed.